David A. Randall (SBN 156722)
dave@hdmnlaw.com
Ehab M. Samuel (SBN 228296)
esamuel@hdmnlaw.com
Paul G Novak (SBN 261388)
paul@hdmnlaw.com
**HACKLER DAGHIGHIAN MARTINO & NOVAK P.C.**
10900 Wilshire Blvd., Suite 300
Los Angeles, CA 90024
Tel.: (310) 887-1333
Fax: (310) 887-1334

Attorneys for Plaintiff
Compulink Management Center, Inc.,
d/b/a Laserfiche

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

COMPULINK MANAGEMENT CENTER, INC. D/B/A LASERFICHE,

Plaintiff,

v.

REALM LICENSING LLC

Defendant.

Case No.: 2:21-cv-5042

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff Compulink Management Center, Inc. d/b/a Laserfiche ("Plaintiff" or "Compulink") by way of this Complaint against Defendant Realm Licensing LLC ("Realm" or "Defendant") alleges as follows:

**NATURE OF THE CASE**

1. This case concerns Defendant's allegations that Compulink's Laserfiche document management software has infringed United States Patent No. 6,324,551 ("the '551 Patent") and U.S. Patent No. 6,330,573 ("the '573 Patent") in an action entitled *Realm Licensing LLC v. Laserfiche-North America Inc.* for patent infringement filed on May 27, 2021, in the U.S. District Court for the District of Delaware and which was assigned Case No. 1:21-cv-00767-CFC (hereinafter "Delaware Action"). A copy of Defendant Realm's Complaint filed in the Delaware Action, including its exhibits, is attached as Exhibit A.

2. Compulink brings this action for a declaratory judgment that Compulink did not and does not infringe, either directly or indirectly, the '551 and '573 Patents, that the '551 and '573 Patents are invalid, and further that Realm is entitled to no relief under the '573 Patent because (i) Realm failed to comply with the patent marking statute, 35 U.S.C. § 287(a), with respect to at least the '573 Patent and (ii) the '573 Patent is expired. This action is necessary to resolve the controversy regarding Defendant Realm's claims of infringement directed to Compulink's Laserfiche software in the Delaware Action.

**THE PARTIES**

3. Plaintiff Compulink is a California corporation with its principal place of business located at 3545 Long Beach Blvd., Long Beach, CA 90807.

4. Compulink is a software company incorporated in California in 1976. Since its inception, Compulink has pioneered the paperless office with enterprise content management software. Today, Compulink's development approach incorporates technical innovations to enable organizations in more than 80 countries to digitally transform their businesses. Customers in every industry—including government, education, financial services, healthcare and manufacturing—use Compulink's Laserfiche software to boost productivity, scale their business and deliver first rate customer experiences.

5. Compulink is still a California corporation and has never been incorporated in Delaware. Nor does Compulink have any physical place of business in Delaware. Compulink has registered "Laserfiche" in Los Angeles County, California as a fictitious business name. However, Compulink does not use or do business under the name, either real or fictitious, "Laserfiche-North America Inc.," and Compulink has never done so.

6. Laserfiche-North America Inc., the entity sued in the Delaware Action, was a Delaware corporation formed in 1996. Laserfiche-North America Inc. is no longer in existence, having become inoperative and void under the laws of the State of Delaware on March 1, 1998, over twenty-three years ago, for non-payment of taxes. A certified copy of a status certificate from the Delaware Secretary of State for Laserfiche-North America Inc. is attached as Exhibit B.

7. The only document ever filed with the Delaware Secretary of State related to Laserfiche-North America Inc. was its initial Certificate of Incorporation, a copy of which is attached as Exhibit C. No by-laws or any other documents were

filed with the Delaware Secretary State in connection with Laserfiche-North America, Inc. As a result, no officers or directors were ever named for the company and the company never conducted any business.

8. Defendant Realm is a Texas Limited Liability company that with a principal place of business at 5570 423, Suite 250-2015, Frisco, TX 75034.

9. On information and belief, Defendant Realm's certificate of formation was filed with the Texas Secretary of State on September 11, 2020, and became effective as of September 12, 2020.

10. On information and belief, Realm was formed for the purpose of monetizing patents that its affiliate IP Edge LLC ("IP Edge") acquired from Xerox Corporation on April 13, 2020, via another related company named Majandro LLC ("Majandro"). IPEdge is a Texas based patent assertion entity that, on information and belief, has brought more than 3500 patent infringement actions to date. On information and belief, Majandro LLC is a Texas limited liability company whose certificate of formation was filed with the Texas Secretary of State on April 1, 2020, and became effective as of April 2, 2020.

11. On April 13, 2020, Xerox corporation assigned over 100 patents to Majandro. On information and belief, Majandro thereafter assigned subsets of those former Xerox patents to various Texas-based patent assertion entities, including Defendant Realm, when on September 16, 2020, Majandro assigned the '551 and '573 Patents, among others, to Defendant Realm.

12. Since its formation in September 2020, Defendant Realm has asserted the '551 Patent and/or the '573 Patent in a total of twenty patent infringement

actions, including the Delaware Action against the void Laserfiche-North America Inc. Defendant Realm filed its first patent infringement actions on September 30, 2020.

**JURISDICTION**

13. This action arises under the patent laws of the United States of America, 35 U.S.C. §§ 1 et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction over Compulink's patent related claims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202 based on the existence of an actual controversy between Compulink, on the one hand, and Realm, on the other hand, for claims under the patent laws. In particular, there is an active, substantial case or controversy between Compulink and Realm having adverse legal interests regarding whether Compulink infringes any claims of the '551 and '573 Patents, and whether such patents are valid, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. The existence of this controversy is demonstrated by, for example, the filing of the Delaware Action which identifies Compulink's Laserfiche software as the infringing instrumentalities in the infringement charts attached to the complaint filed in the Delaware Action.

14. This Court has personal jurisdiction over Realm pursuant to the laws of the State of California, including California's Long Arm Statute, California Code of Civil Procedure § 410.10.

15. This Court also has personal jurisdiction over Realm because Realm has purposefully directed its patent enforcement and licensing activities against

Compulink, a resident of this District and a California corporation, as well as other companies located in California. Further, on information and belief, Realm has conducted its enforcement and licensing campaign related to the '551 and '573 Patents against other companies, who on information and belief, have their principal place of business in California, including Salesforce.com, Inc., SugarCRM Inc., Insightly, Inc., Freshworks, Inc., Asana, Inc., Thomson Reuters America Corportion, Inc., Anaplan, Inc., ConvergeHub, Inc., and SmartRecruiters, Inc. Thus, half of the companies that Realm has sued to date for patent infringement of the '551 and/or the '573 Patents, and against whom Realm has conducted its enforcement and licensing campaign, are citizens of California.

16. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 because a substantial portion of the events giving rise to this action, including substantial portions of the development of the accused Compulink Laserfiche software and the sales of that software, took place here.

## BACKGROUND

17. In the Delaware action, Realm claims to be the assignee of all right, title, and interest in the '551 and 573 patents. Further, Realm claims to possess the exclusive right and standing to prosecute patent infringement actions involving the '551 and '573 patents, including the Delaware Action in which Realm bases its infringement allegations on functionalities of the Compulink's Laserfiche document management software.

18. The ‘551 Patent is entitled “Self-contained document management based on document properties.” The ‘551 Patent was filed August 31, 1998, and issued November 27, 2001. The ‘551 Patent was not awarded any patent term extension under 35 U.S.C. § 154(b), and thus, expired twenty years after its filing date, or on August 31, 2018. A copy of the ‘551 Patent is attached as Exhibit 1 to Exhibit A hereto.

19. The ‘573 Patent is entitled “Maintaining Document Identity Across Hierarchy and Non-Hierarchy File Systems.” The ‘573 Patent was filed August 31, 1998, and issued December 11, 2001. The ‘573 Patent was not awarded any patent term extension under 35 U.S.C. § 154(b), and thus, expired twenty years after its filing date, or on August 31, 2018. A copy of the ‘573 Patent is attached as Exhibit 2 to Exhibit A hereto.

20. The assignment of the ‘551 and ‘573 Patents from Xerox to Majandro occurred over a year and half after the expiration of the patents and the assignment from Majandro to Realm occurred over two years after the expiration of the patents.

21. Realm is a non-practicing entity. Its business is to sue successful operating companies based on expired patents. Since its formation in September 2020, Defendant Realm has asserted the ‘551 Patent and/or the ‘573 Patent in twenty patent litigations against twenty separate companies. In addition, against some of the defendants, Realm has asserted U.S. Patent No. 7,996,356, another expired Xerox patent. On information and belief, all of the actions have been baseless and settled with a walk away or a sum that is substantially less than the

cost of defense. On information and belief, Realm has made an unsolicited offer in the amount of $125,000 to settle at least one action asserting all three patents.

## COUNT I - DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,324,551

22. Compulink repeats and realleges each and every allegation contained in the above paragraphs as if fully set forth herein.

23. Realm has alleged and continues to allege that the making, using, testing, offering to sell, selling, and/or importing of Compulink's Laserfiche software infringed one or more claims of the '551 Patent.

24. The making, using, testing, offering to sell, selling, and/or importing of Compulink's Laserfiche software did not and does not infringe the '551 Patent, directly or indirectly, literally or under the doctrine of equivalents. For example, the '551 Patent is expired, and thus, there can be no continuing infringement. Furthermore, the expired '551 Patent includes three independent claims, claims 1, 7, and 10. Without limitation, claim 1 of the '551 Patent is directed to a method of transferring a document from a first location to a second location that is required to be performed in a "non-hierarchical document management system." The method of independent claim 1 also requires the steps of "attaching an active property to the document reference which is associated to the document, the active property including executable code for interpreting and manipulating the content of the document" and "transferring the document to a second location the transferring automatically including the association between the content and the properties of the

document such that, upon a triggering event and without use of an external application, the active property associated to the document executes the executable code which interprets and manipulates the content of the document into a format such that the content is accessible at the second location." Similarly, independent claim 7 of the '551 Patent includes the steps of "attaching properties to the document reference including at least one of static properties describing characteristics of the content and active properties controlling behaviors of the content; transferring selected properties of the static properties and active properties to the receiving user; and reconstructing the document, but the receiving user, based on the transferred static and active properties." Likewise, independent claim 10 includes the steps of "defining a state and behavior for [a] document by attaching properties to a document reference, the properties including at least one of non-executable data and executable code …; transferring the document reference and the content as a self-contained unit to the destination; and unpacking, by the attached properties at the destination, the packed self-contained unit such that the content is usable at the destination without use of the external applications."

25. Compulink's Laserfiche software did not and does not include any of these limitations in independent claims 1, 7 and 10, and did not and does not infringe the '551 Patent, directly or indirectly, literally or under the doctrine of equivalents. Moreover, it is well-settled that dependent claims cannot be found to be infringed unless the claims from which they depend have been found to be infringed. At least for these reasons, no claim of the '551 Patent is infringed. The allegations in this

paragraph are exemplary and do not preclude Compulink from contending that the claims of the '551 Patent are not and have not been infringed for additional reasons.

26. An actual, present and justiciable controversy exists between Compulink and Realm concerning whether the making, using, testing, offering to sell, selling, and/or importing of Compulink's Laserfiche document management software infringes the '551 Patent. A judicial declaration is necessary to determine the parties' respective rights regarding the '551 Patent.

27. Compulink seeks a judgement that the making, using, testing, offering to sell, selling, and/or importing of Compulink's Laserfiche document management software does not now and did not previously infringe the '551 Patent.

## COUNT II - DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 6,324,551

28. Compulink repeats and realleges each and every allegation contained in the above paragraphs as if fully set forth herein.

29. Realm has alleged and continues to allege that the making, using, testing, offering to sell, selling, and/or importing of Compulink's Laserfiche software infringed one or more claims of the '551 Patent.

30. The '551 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, and 112.

31. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

32. A judicial declaration is necessary to determine the parties' respective rights regarding the '551 Patent.

33. Compulink seeks a judgement that the claims of the '551 Patent are invalid.

**COUNT III - DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,330,573**

34. Compulink repeats and realleges each and every allegation contained in paragraphs 1-21 above as if fully set forth herein.

35. Realm has alleged and continues to allege that the making, using, testing, offering to sell, selling, and/or importing of Compulink's Laserfiche software infringed one or more claims of the '573 Patent.

36. The making, using, testing, offering to sell, selling, and/or importing of Compulink's Laserfiche software did not and does not infringe the '573 Patent, directly or indirectly, literally or under the doctrine of equivalents. For example, the '573 Patent is expired, and thus, there can be no continuing infringement. Furthermore, the expired '573 Patent includes three independent claims, claims 1, 6, and 8. Without limitation, claim 1 of the '573 Patent is directed to "[a] mechanism for maintaining a document identity during a translation instruction from a hierarchical file system based application to a document management system which

separates a content of the document from properties of the document." The mechanism of independent claim 1 also includes a "means for receiving", "means for maintaining name information, location information, and properties of the original document", "means for retrieving the … information, and properties of the original document, upon a predetermined event", and "a means for copying new content into the original document." Similarly independent claim 6 claims "[a] system which maintains a document identity when a document is translated" that includes the limitations of a "means for maintaining", "means for maintaining", "means for determining a receipt of (i) an instruction to create a new document with the name of the original document or (ii) an instruction to attempt to rename the original document", "means for determining if either one of the instructions were received within a predetermined time", "means for resurrecting the original document", "means for adding new content to the original document." Claim 8 of the '573 Patent is directed to "a method of maintaining a document identity during a translating operation from a hierarchical file system application." The method of claim 1 includes the steps of "receiving an instruction from an application of a hierarchical file system to rename or delete an original document; maintaining at least name information, location information, and properties of the original document upon rename or delete instruction; retrieving the name information, location information and properties of the original document, upon a predetermined event; and copying new content to the original document."

37. Compulink's Laserfiche software did not and does not include any of these limitations in independent claims 1, 6 and 8, and did not and does not infringe

the ‘573 Patent, directly or indirectly, literally or under the doctrine of equivalents. Moreover, it is well-settled that dependent claims cannot be found to be infringed unless the claims from which they depend have been found to be infringed. At least for these reasons, no claim of the ‘573 Patent is infringed. The allegations in this paragraph are exemplary and do not preclude Compulink from contending that the claims of the ‘573 Patent are not and have not been infringed for additional reasons.

38. An actual, present and justiciable controversy exists between Compulink and Realm concerning whether the making, using, testing, offering to sell, selling, and/or importing of Compulink’s Laserfiche document management software infringes the ‘573 Patent. A judicial declaration is necessary to determine the parties’ respective rights regarding the ‘573 Patent.

39. Compulink seeks a judgement that the making, using, testing, offering to sell, selling, and/or importing of Compulink’s Laserfiche document management software does not now and did not previously infringe the ‘573 Patent.

## COUNT IV - DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 6,330,573

40. Compulink repeats and realleges each and every allegation contained in paragraphs 1-21 and 34-39 above as if fully set forth herein.

41. Realm has alleged and continues to allege that the making, using, testing, offering to sell, selling, and/or importing of Compulink’s Laserfiche software infringed one or more claims of the ‘573 Patent.

42. The ‘573 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, and 112.

43. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

44. A judicial declaration is necessary to determine the parties' respective rights regarding the ‘573 Patent.

45. Compulink seeks a judgement that the claims of the ‘573 Patent are invalid.

**COUNT V - DECLARATORY JUDGMENT UNDER THAT REALM IS ENTITLED TO NO RELIEF PURSUANT TO 35 U.S.C. § 287(a)**

46. Compulink repeats and realleges each and every allegation contained in paragraphs 1-21 and 34-45 above as if fully set forth herein.

47. Realm has alleged and continues to allege that the making, using, testing, offering to sell, selling, and/or importing of Compulink's Laserfiche software infringed one or more claims of the ‘573 Patent.

48. The ’573 Patent includes both apparatus and method claims, and thus, Realm's ability to recover any pre-lawsuit damages depends on whether Realm, Realm's predecessors in interest, and their respective licensees have complied with the marking statute, 35 U.S.C. § 287(a), by providing either actual notice of infringement or constructive notice.

49. Realm did not allege in the Delaware Action that it, its predecessors in interest, or its licensees have complied with the marking statute by providing actual or constructive notice of infringement.

50. Neither Realm nor any predecessor of interest has provided Compulink with actual notice of its alleged infringement under 35 U.S.C. § 287(a).

51. On information and belief, Realm has settled one or more of the seventeen litigations that it has brought asserting the ‘573 Patent. On information and belief, Realm has granted one or more licenses and/or covenants not to sue under the ‘573 Patent in connection with those settlements.

52. Because the ‘573 Patent has expired and Realm, its predecessors, and/or their respective licensees failed to comply with the marking statute, 35 U.S.C. 287(a), Realm is entitled to no relief under the ‘573 Patent.

53. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

54. A judicial declaration is necessary to determine the parties’ respective rights regarding the ‘573 Patent.

55. Compulink seeks a judgement that Realm is entitled to no relief under the ‘573 Patent due to its failure, the failure of its predecessors, and/or their respective licensees to comply with the patent marking statute 35 U.S.C. § 287(a).

## **PRAYER FOR RELIEF**

Compulink respectfully requests that the Court:

A. Enter judgement that Compulink and the Compulink Laserfiche software does not infringe any claim of the '551 and '573 Patents;

B. Enter judgment that each claim of the '551 and '573 Patents is invalid;

C. Enter judgment declaring that Realm is entitled to no relief under the '573 Patent for failing to comply with the patent marking statute, 35 U.S.C. § 287(a);

D. Declare that this case is exceptional under 35 U.S.C. § 285 and award Compulink its attorney's fees, costs, and expenses incurred in this action;

E. Award Compulink any and all other relief to which Compulink may show itself to be entitled; and

F. Award Compulink such other relief as the Court deem just, equitable, and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues and claims which are so triable.

DATED: June 21, 2021

HACKLER DAGHIGHIAN MARTINO & NOVAK, P.C.

By: /s/ David A. Randall
David A. Randall (CA SBN 156722)
Ehab M. Samuel (CA SBN 228296)
Paul Novak (CA SBN 261388)

*Attorneys for Plaintiff*
COMPULINK MANAGEMENT CENTER INC. D/B/A LASERFICHE